IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Guangdong Aoyun Technology Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> Shenzhenshi Lianheng Electronics Technology Co., Ltd. d/b/a Astaowl, <br><br> *Defendant*. | CASE NO. 2:25-cv-18851 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Guangdong Aoyun Technology Co., Ltd. ("Aoyun" or "Plaintiff") by and through its undersigned counsel, alleges as follows against Defendant Shenzhenshi Lianheng Electronics Technology Co., Ltd. d/b/a Astaowl ("Astaowl" or "Defendant"):

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 et seq.

2. Defendant has manufactured, imported, offered for sale, and sold wearable fan products in the United States that infringe one or more claims of U.S. Patent No. 12,180,977 (the "Asserted Patent").

3. Defendant's infringing products have been sold through U.S.-based e-commerce platforms, including Amazon.com, and shipped to U.S. consumers, including into the State of New Jersey.

1

4. Plaintiff brings this action to obtain damages for Defendant's past and ongoing infringement and to enjoin Defendant from continuing to infringe Plaintiff's patent rights.

## JURISDICTION AND VENUE

A. **Subject-Matter Jurisdiction**

5. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. §§ 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

B. **Personal Jurisdiction**

6. This Court has personal jurisdiction over Defendant.

7. Defendant has purposefully directed commercial activities toward the United States and this District by offering for sale, selling, and shipping at least one of the accused wearable fan products to consumers in New Jersey through interactive e-commerce platforms, including Amazon.com. See attached **Exhibit 7**, which shows the product listing of the accused product and delivery confirmation.

8. As shown in **Exhibit 4**, which includes representative screenshots of Defendant Astaowl's current online product listings, Defendant offers for sale, sells, and ships the accused products to consumers in the United States. These screenshots show, for each accused listing, (a) the product image and title, (b) Defendant's seller alias and storefront identification, (c) pricing in U.S. dollars, and (d) the availability of shipment to New Jersey and other U.S. destinations.

9. Defendant also solicits consumer reviews for its products sold on Amazon, including reviews for the accused goods from consumers in New Jersey. See attached **Exhibit 8**.

10. These materials demonstrate that Defendant purposefully availed itself of the privilege of conducting business in this District by advertising in English, pricing products in

U.S. dollars, accepting payment through U.S.-based financial institutions, and shipping products to New Jersey residents.

11. Defendant previously appeared in this District through U.S. counsel in a related action, *Doe v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 2:25-cv-14859-MCA-JRA (D.N.J.), involving the same patent and the same accused products, opposed injunctive relief on the merits, submitted sworn declarations and briefing, and affirmatively sought relief from this Court.

12. By voluntarily appearing, litigating the merits, and invoking the protections of this Court, Defendant has further purposefully availed itself of this forum.

13. Defendant's infringing conduct has caused injury to Plaintiff in this District, and the exercise of personal jurisdiction over Defendant is consistent with due process and traditional notions of fair play and substantial justice.

**C.    Venue**

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(b) because Defendant has committed acts of patent infringement in this district and has purposefully directed infringing sales into this District by operating interactive e-commerce storefronts under the Astaowl seller identity.

THE PARTIES

**A.    Plaintiff**

15. Plaintiff Guangdong Aoyun Technology Co., Ltd. is a company organized and existing under the laws of China, with its principal place of business in Guangdong, China.

16. Plaintiff designs, develops, manufactures, and licenses innovative portable consumer products, including wearable fan technologies.

17. Plaintiff has invested substantial resources in research, development, engineering, and commercialization of the patented technology at issue in this action.

**B.   Defendant**

18. Defendant Shenzhenshi Lianheng Electronics Technology Co., Ltd. is a company organized and existing under the laws of China.

19. Defendant conducts business under the brand name "Astaowl."

20. Defendant operates one or more e-commerce storefronts through which it sells wearable fan products to U.S. consumers.

## THE ASSERTED PATENT

21. Plaintiff is the sole and exclusive owner of all right, title, and interest in U.S. Patent No. 12,180,977, entitled *High Speed Booster Fan Module* (the "Asserted Patent"), which Plaintiff acquired from Guangdong Wanyi Electronics Co., LTD. on July 9, 2025. A true and correct copy of the assignment conveying ownership of the Asserted Patent to Plaintiff is attached as **Exhibit 2**.

22. Neither Guangdong Wanyi Electronics Co., Ltd., prior to the July 9, 2025 assignment, nor Plaintiff thereafter, licensed, authorized, or permitted Defendant Shenzhenshi Lianheng Electronics Technology Co., Ltd. d/b/a Astaowl, or any entity affiliated with or acting for Defendant, to make, use, sell, offer for sale, or import any product covered by the Asserted Patent.

23. The Asserted Patent issued after full examination by the United States Patent and Trademark Office, which determined that the claimed invention is novel and non-obvious.

24. A true and correct copy of the Asserted Patent is attached as **Exhibit 1**.

25. The Asserted Patent generally relates to improvements in fan technology that enhance airflow efficiency, wind speed, air-delivery distance, and noise reduction through specific structural and functional configurations.

## DEFENDANT'S INFRINGING PRODUCTS

26. Defendant has sold and continues to sell wearable fan products that embody and practice the claimed invention of the Asserted Patent.

27. Plaintiff identified at least fourteen (14) Amazon Standard Identification Numbers ("ASINs") through which Defendant has offered for sale the accused wearable fan products in the United States, as listed in **Exhibit 5**.[1]

28. These ASINs correspond to a small number of closely related wearable fan variants that share the same underlying fan structure and operating principles. Based on review of the product listings, images, and descriptions, Defendant's accused products fall into two primary product types**:** (a) single-duct wearable fan products**;** and (b) dual-duct wearable fan products**.** The dual-duct products are offered in multiple external styles, colors, and battery capacities, but share the same relevant airflow structure and operating principles.

29. From among the accused ASINs, Plaintiff selected and purchased three representative products, each sold directly by Defendant through its Amazon storefront and delivered into the United States. See **Exhibit 6** for the order receipt.

30. The representative products purchased by Plaintiff were sold under the following ASINs:

---

[1] Amazon product listings and ASIN availability may change over time due to factors such as inventory status, fulfillment conditions, or seller updates. The ASINs and product URLs listed in this exhibit reflect the status of the identified listings as of December 19, 2025.

  (a) ASIN B0DZFQCXRY (dual-duct wearable fan);

  (b) ASIN B0D7BWWKVK (dual-duct wearable fan); and

  (c) ASIN B0DCB6B6S8 (single-duct wearable fan)

## NOTICE AND WILLFULNESS

31. Defendant has had actual notice of the Asserted Patent and Plaintiff's allegations of infringement since at least service of Plaintiff's prior complaint asserting the same patent against Defendant's accused products, and Defendant has never had a license or authorization to practice the Asserted Patent.

32. Despite such notice, Defendant has continued to market, offer for sale, and sell the accused products in the United States.

33. Defendant's continued infringement after notice has been willful, deliberate, and in reckless disregard of Plaintiff's patent rights.

## COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)

34. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

35. Plaintiff identified fourteen (14) ASINs through which Defendant offered for sale the accused products, one of which is no longer active.

36. From among these accused ASINs, Plaintiff purchased three representative products and conducted a physical inspection and analysis of each such product.

37. Based on that inspection and analysis, Plaintiff prepared detailed infringement claim charts mapping representative claims of the Asserted Patent to each of those three purchased products, with a separate claim chart prepared for each corresponding ASIN.

38. Each claim chart demonstrates that Defendant's accused products practice each limitation of at least one asserted claim of the Asserted Patent, either literally or under the doctrine of equivalents.

39. The claim charts include annotated photographs of the purchased products and citations to product features observed upon inspection.

40. Because the accused products sold under the remaining identified ASINs share the same relevant functional structures and operational features as the purchased representative products, Plaintiff alleges that those additional accused products infringe the Asserted Patent in the same manner.

41. True and correct copies of the claim charts are attached as **Exhibits 3-A**, **3-B**, and **3-C**.

42. Defendant has directly infringed, and continues to infringe, the Asserted Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing the accused products into the United States.

43. Based on inspection and analysis, each of Defendant's accused products—including those sold under the remaining identified ASINs—implements the same claimed functional structures and operational features recited in at least one asserted claim of the Asserted Patent, either literally or under the doctrine of equivalents.

44. Defendant's infringement has been and continues to be willful.

45. Plaintiff has suffered damages as a result of Defendant's infringement, including lost profits, lost licensing revenue, and erosion of its patent exclusivity.

46. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, including no less than a reasonable royalty, pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest.

47. Because Defendant's infringement has been willful, Plaintiff seeks enhanced damages, including treble damages, in an amount to be determined by the Court.

48. Defendant's infringement has caused and continues to cause irreparable harm to Plaintiff, including loss of market exclusivity and erosion of Plaintiff's patent rights.

49. Plaintiff has no adequate remedy at law.

50. Absent preliminary and permanent injunctive relief, Defendant will continue to infringe the Asserted Patent and Plaintiff will continue to suffer irreparable harm.

51. Plaintiff is therefore entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant from further infringement of the Asserted Patent.

52. This is an exceptional case under 35 U.S.C. § 285.

53. Plaintiff is entitled to recover its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant and grant the following relief:

1. Judgment of Infringement.

A judgment that Defendant has infringed the Asserted Patent.

2. Permanent Injunction.

A permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendant, and all persons acting in active concert or participation with Defendant who receive notice of the injunction,

from making, using, offering for sale, selling, or importing into the United States any products that infringe the Asserted Patent.

3. Third-Party Enforcement.

An order, upon notice of the injunction, directing third parties—including, without limitation, online marketplaces, e-commerce platforms, and fulfillment providers such as Amazon, Walmart, and others—to disable, remove, or cease providing services for any listings, advertisements, storefronts, or accounts used by Defendant to promote or sell infringing products.

4. Damages.

An award of damages adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284, including no less than a reasonable royalty, together with pre- and post-judgment interest.

5. Enhanced Damages.

An award of enhanced damages, including treble damages, under 35 U.S.C. § 284 based on Defendant's willful infringement.

6. Exceptional Case and Attorneys' Fees.

A determination that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.

7. Further Relief.

Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Plaintiff, through their undersigned counsel, hereby certifies that the matter in controversy is the subject of *Doe v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 2:25-cv-14859-MCA-JRA (D.N.J.).

Dated: December 22, 2025                    Respectfully submitted,

/s/ *John H. Choi*
John H. Choi
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. 201.580.6600
Fax. 201.625.1108
Email. jchoi@jchoilaw.com

Keren Hu (*pro hac vice application anticipated*)
Javalon Law, PC
405 El Camino Real, No. 558
Menlo Park, CA 94025
Email. kerenhu@javalonlaw.com
Tel. 650.608.5726

*Counsel for Plaintiff*